**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-cv-61738-GAYLES

**MRI SCAN CENTER, LLC f/k/a**
**MRI SCAN CENTER, INC.,**

       Plaintiffs,

v.

**NATIONAL IMAGING ASSOCIATES,**
**INC.; MEDSOLUTIONS, INC.;**
**CIGNA CORPORATION; and**
**CONNECTICUT GENERAL LIFE**
**INSURANCE COMPANY,**

       Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff MRI Scan Center, LLC's ("MSC") Motion to Remand [ECF No. 11]. Defendant MedSolutions, Inc., removed this declaratory judgment action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). [ECF No. 1]. MSC now moves to remand the case back to state court, arguing that (1) MedSolutions has not established that the amount in controversy exceeds $75,000; (2) there is no real and immediate harm to trigger the Court's jurisdiction; and (3) the Notice of Removal was procedurally defective. The Court has reviewed the briefing, the record in the case, and the applicable law, and is otherwise fully advised in the premises. Because MedSolutions has not adequately shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Motion to Remand shall be granted. MSC's remaining two arguments will not be addressed.

1

I.   **BACKGROUND**

MSC provides diagnostic imaging services for individuals insured by Defendant CIGNA Corporation ("CIGNA"). [ECF No. 1 ¶¶ 2, 10]. Under MSC's contract with CIGNA, MSC must submit all insurance claims to Defendants MedSolutions and National Imaging Associates ("NIA") for review. [*Id.* ¶ 12]. CIGNA then deducts NIA's and MedSolutions' fees from MSC's reimbursement. [*Id.* ¶ 24]. According to MSC, CIGNA previously reviewed insurance claims in-house, but has "artificially outsourced" these services to CIGNA's "affiliates" NIA and MedSolutions "in order to increase CIGNA and its 'affiliates'' profitability at the expense of heal[t]h care providers such as MSC." [*Id.* ¶ 23].

MSC filed a declaratory judgment action pursuant to Fla. Stat. §§ 86.011 and 86.021 in the Circuit Court of Broward County, seeking to have its contract with CIGNA declared a "franchise" under the FTC Franchise Rule, 16 C.F.R. Part 436 (the "Franchise Rule"). According to MSC, CIGNA disguised the franchise nature of the contract in order to avoid certain disclosures required under the Franchise Rule, including MSC's obligation to pay MedSolutions and NIA. [*Id.* ¶¶ 17, 25]. MSC also requests unspecified supplemental relief pursuant to Fla. Stat. § 86.061.[1]

MedSolutions filed a Notice of Removal on July 20, 2016, asserting complete diversity between MSC and all Defendants and that the amount in controversy exceeds $75,000. MSC filed the instant Motion to Remand on August 1, 2016.

II.  **LEGAL STANDARD**

Under 28 U.S.C. § 1441—the statute governing removal—a defendant may remove a civil case filed in state court to federal court if the federal court has diversity jurisdiction under

---

[1] MSC requests supplemental relief "pursuant to Fla. Stat. § 83.061." However, this statute does not exist. Rather, Fla. Stat. § 86.061 provides for supplemental relief based on a declaratory judgment, and the Court assumes MSC requests supplemental relief pursuant to this statute.

28 U.S.C. § 1332. Diversity jurisdiction requires full diversity of citizenship among the parties and an amount in controversy over $75,000. 28 U.S.C. § 1332(a). In doing so, the Court may consider post-removal evidence that is otherwise admissible. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773–74 (11th Cir. 2010). However, the Court may not speculate in an attempt to make up for evidence that is lacking. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). If the Court determines that it lacks subject matter jurisdiction, the case will be remanded. 28 U.S.C. § 1447(c). The district court is required to "strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (citations and internal punctuation marks omitted).

### III.   DISCUSSION

The parties do not dispute that full diversity of citizenship exists. MSC contends that MedSolutions has failed to show the amount in controversy exceeds $75,000. When the complaint seeks nonmonetary relief, a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). However, if plaintiff contests the amount, the Court must find by a preponderance of the evidence that the amount exceeds the jurisdictional threshold. *Id*. at 553–54 (citing 28 U.S.C. § 1446(c)(2)(B)). For actions seeking declaratory relief, the amount in controversy is "the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014). MSC seeks a declaration that its contract with CIGNA is a franchise under the Franchise Rule. While MSC's purpose for seeking this

3

declaration is not clear, MSC states in its Motion that the complaint does not seek monetary relief. [DE 11 at 1.] Nevertheless, MedSolutions suggests that MSC seeks declaratory judgment in order to increase its reimbursement rate with CIGNA under the Franchise Rule. [DE 31 at 6.] MedSolutions also asserts that MSC may seek compensation for amounts previously withheld as fees. *Id*. Therefore, the amount in controversy, according to MedSolutions, is the change in MSC's reimbursement rate under the Franchise Rule and any funds previously withheld by CIGNA as fees for MedSolutions and NIA.

In this case, however, MedSolutions has failed to show by a preponderance of the evidence that the sum of these prospective changes would exceed the jurisdictional threshold. As to the reimbursement rate, MedSolutions has the burden to show that the application of the Franchise Rule will affect MSC's reimbursement in excess of $75,000. MedSolutions does not explain, however, how MSC's reimbursement will be affected, much less show that the change will exceed $75,000. MedSolutions merely provides the total number and value of claims submitted by MSC for the years 2010 to 2012 and 2015 to 2016, and the total allowed contractual reimbursement for each year.[2] These figures are unhelpful because they do not show how much *more* (if any) MSC would receive if the Court declared the contract a franchise agreement.

As to the fees previously withheld, MedSolutions again has not met its burden. In its Notice of Removal, MedSolutions claims that a refund on fees will "more likely than not be in excess of $75,000." [DE 1 at 3.] This allegation is speculative and does not explain how the fees

---

[2] In 2015, MedSolutions reviewed approximately 590 claims from MSC for a total claim submission value of $1,117,105.78. [DE 31 at 5.] The total allowed contractual reimbursement amount for 2015 was $163,359.21. *Id*. Through July 31, 2016, MedSolutions reviewed 327 claims from MSC for a total value of $685,140.20. *Id*. The total allowed contractual reimbursement amount was $96,740.76. *Id*. Likewise, from 2010 to February 9, 2012, NIA reviewed 592 claims from MSC with a total claim value of $1,115,850. *Id*. at 6. The total allowed contractual reimbursement for these claims was $281,403.18. *Id*.

exceed the jurisdictional threshold. Nor do the figures discussed in footnote 2 provide any further support. They show only the amount MSC claimed and the amount CIGNA was contractually obligated to pay. With no evidence as to the amounts paid to NIA and MedSolutions in fees, determining the amount of fees previously withheld would be speculation. In sum, MedSolutions has not shown by a preponderance of the evidence that the monetary value involved in MSC's declaratory judgment action exceeds the jurisdictional threshold.

## IV.     CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff MRI Scan Center's Motion to Remand [ECF No. 11] is **GRANTED**. This action is **REMANDED** in its entirety to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of January, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE